```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Osahenrumwen Ojo

    v.                                    Civil No. 12-cv-204-SM

Hillsborough County Department
of Corrections et al.

## REPORT AND RECOMMENDATION

Before the court is the complaint (doc. no. 1) filed by plaintiff, Osahenrumwen Ojo, asserting that Hillsborough County Department of Corrections ("HCDC") officers (Sgt. Balles, and Corrections Officers ("COs") Turcotte, Mercy, and Barbarian[1]) sexually assaulted Ojo on four separate occasions in June-August 2011, while conducting pat down searches, by reaching between Ojo's legs and grabbing his genitals from behind.  The matter is before this court for preliminary review to determine, among other things, if the complaint states a claim upon which relief can be granted.  See 28 U.S.C. § 1915(e)(2); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

---

[1] "Balles" and "Barbarian" are Ojo's spellings for officers who may be named "Ballis" and "Barbera."  The court follows Ojo's spelling in reference to the officers at issue.

**Standard for Preliminary Review**

The magistrate judge conducts a preliminary review of complaints filed pro se and in forma pauperis.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).  The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if:  the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).

In determining whether such a complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).

Background

Ojo was in the custody of the HCDC in June-August 2011, during which time, he alleges, corrections officers conducting

2

pat down searches of him intentionally grabbed his penis and/or testicles from behind in a manner that Ojo characterizes as a humiliating sexual assault. Specifically, Ojo alleges that Sgt. Balles intentionally grabbed his penis and testicles from behind when she patted him down in June 2011 in the recreational area near the library; that CO Barbarian and CO Turcotte each grabbed Ojo's genitals while searching him in Unit 2A in June or July 2011; and that CO Mercy grabbed his genitals from behind while patting him down in a hallway near the medical department in August 2011. Ojo, who is no longer incarcerated, claims that the incidents were humiliating, uninvited, and unwanted, and that, as a result, he suffers mental and emotional problems affecting his everyday functioning, including flashbacks, post-traumatic stress, anxiety, depression, and suicidal thoughts.

### Claims

1. Sgt. Balles, CO Barbarian, CO Turcotte, and CO Mercy are each liable to Ojo, pursuant to 42 U.S.C. § 1983, for sexually assaulting Ojo by grabbing his genitals, in a manner intended to humiliate Ojo and/or to gratify their own desires, in violation of Ojo's rights under the Fourteenth Amendment, in June-August 2011.

2. HCDC is liable to Ojo, pursuant to 42 U.S.C. § 1983, for the conduct of its corrections officers that violated Ojo's rights under the Fourteenth Amendment.

3. Sgt. Balles, CO Barbarian, CO Turcotte, and CO Mercy are each liable to Ojo for the torts of assault and battery and intentional infliction of emotional distress, for grabbing Ojo's genitals, in a manner calculated to

humiliate Ojo, which in fact caused him to suffer severe emotional distress.

4.   HCDC is liable to Ojo under a theory of respondeat superior, for the tortious conduct of Sgt. Balles, CO Barbarian, CO Turcotte, and CO Mercy.

## Discussion

I.   Fourteenth and Eighth Amendment Standard

Ojo has not alleged any facts indicating whether he was a pretrial detainee or a convicted prisoner from June 2011-August 2011.  The court concludes from examining the pleadings in another case filed by Ojo, Ojo v. Medic, No. 11-cv-210-JL, that Ojo was a pretrial detainee at the time of the alleged assaults. Accordingly, Ojo's claims regarding the sexual assault are construed as intending to assert violations of Ojo's rights under the Fourteenth Amendment Due Process Clause, and not to assert violations of the Eighth Amendment Cruel and Unusual Punishment Clause.  A pretrial detainee alleging a deprivation of his liberty interest in maintaining bodily integrity and avoiding a sexual assault is entitled to at least as great protection under the Fourteenth Amendment as the Eighth Amendment would afford to a convicted inmate claiming a sexual assault by a corrections officer.  Cf. Burrell v. Hampshire Cnty., 307 F.3d 1, 7 (1st Cir. 2002) (Fourteenth Amendment

4

standard for evaluating excessive force claim is at least as protective as Eighth Amendment standard).

## II. Federal Claims

### A. Sexual Assault

The Fourteenth Amendment protects a pretrial detainee from unwanted sexual contact by prison officials. Such a claim may be analyzed by analogy to the legal standards governing excessive force claims. See Washington v. Hively, No. 12-1657, 2012 WL 3553419, *2 (7th Cir. Aug. 20, 2012) ("An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant."); see also Wood v. Beauclair, No. 10-35300, 2012 WL 3800215, *8 (9th Cir. Sept. 4, 2012) (allegations that guard stroked prisoner's penis for her own gratification satisfied objective and subjective elements of Eighth Amendment claim).

The applicable standard under the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). In asserting such a claim, a prisoner need not allege that he has sustained a

serious or significant injury in order to obtain relief. See Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010).

Here, Ojo has alleged that the officers intentionally "grabbed" his genitals from behind. The complaint suggests no explanation for that unwanted contact. Indeed, no explanation, other than the officers' self-gratification at Ojo's expense, or some other malicious or sadistic motive, is suggested by the factual allegations. Accordingly, Ojo has stated plausible claims of Fourteenth Amendment violations by Sgt. Balles and COs Barbarian, Turcotte, and Mercy, and the court has directed service of the section 1983 claim upon those individuals.

B. Municipal Liability

Municipalities may not be held vicariously liable under section 1983. See Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011); Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 25 (1st Cir. 2005) ("it is only when the governmental employees' 'execution of a government's policy or custom . . . inflicts the injury' and is 'the moving force' behind the constitutional violation that a municipality can be liable" under section 1983 (citation omitted)). Here, Ojo has failed to show that the officers' conduct executed any municipal policy, practice, or custom. Accordingly, the claim asserting that the HCDC is liable to Ojo under section 1983 should be dismissed.

III. State Law Claims

   A.   Assault and Battery

Ojo's description of the officers' conduct is sufficient to state a claim for the intentional torts of assault and battery under New Hampshire law.  See Silva v. Warden, 150 N.H. 372, 374, 839 A.2d 4, 6 (2003).  Additionally, Ojo's allegations about the officers' conduct, the court's reasonable inference regarding their intent, and the alleged mental and emotional distress suffered by Ojo are sufficient at this stage to state plausible claims for intentional infliction of emotional distress.  See Morancy v. Morancy, 134 N.H. 493, 496, 593 A.2d 1158, 1159 (1991) (defendant may be held liable if plaintiff shows that defendant's extreme and outrageous conduct intentionally or recklessly caused plaintiff to suffer severe emotional distress).  Therefore, the court has directed service of the state law tort claims as to the individual defendants, and as to HCDC, pursuant to the doctrine of respondeat superior.

                              Conclusion

For the foregoing reasons, the court should dismiss the section 1983 claim asserted against the HCDC.  In an order issued on this date, the court has directed service of the remaining claims identified in this report and recommendation.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

September 25, 2012

cc: Osahenrumwen Ojo, pro se

LBM:nmd