**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Osahenrumwen Ojo

     v.                              Civil No. 12-cv-204-SM

Hillsborough County Department
of Corrections, Kristin Balles,
David Mercer, Brian Turcotte,
and Jason Barbera


**REPORT AND RECOMMENDATION**


     Before the court is plaintiff Osahenrumwen Ojo's motion to add new claims and defendants (doc. no. 19) to this action.  The original defendants, the Hillsborough County Department of Corrections ("HCDC") and four HCDC officers have objected to the motion, and Ojo has replied.  See Obj. (doc. no. 20); Reply (doc. no. 21).  The matter is before this court to determine, among other things, if Ojo's new allegations state a claim upon which relief can be granted.  See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).


## Background

     Ojo alleges that in June 2011, HCDC Sgt. Balles and Corrections Officer ("C.O.") Barbera separately conducted pat-down searches of him at HCDC, and each grabbed his genitals from

behind.  Ojo further alleges that on one occasion in July 2011, C.O. Turcotte engaged in similar behavior during a pat-down search, and that C.O. Mercer did so during a pat-down search in August 2011.  Ojo alleges that he complained about those searches to HCDC supervisory officers, and he filed this action for damages after his discharge from HCDC.

This court completed a preliminary review of Ojo's claims in his original complaint (doc. no. 1), and directed service of Ojo's Fourteenth Amendment sexual assault claims against the individual officers, pursuant to 42 U.S.C. § 1983, see Order (Sept. 25, 2012) (doc. no. 6).  The court also directed service of state law tort claims against the same HCDC officers, and related state law claims against the County as their employer, under a theory of respondeat superior.  See id.

In the motion to amend (doc. no. 19), Ojo alleges that he complained to HCDC Capt. Cusson in July 2011 about Balles's and Turcotte's pat-down searches, and that Cusson said that a grievance would not be necessary because the searches were appropriate.  Ojo further asserts that he submitted inmate request slips to Sgt. Gordon on July 26, 2011, complaining about and seeking to grieve Balles's and Barbera's searches, and received no response.  Ojo adds that on October 12, 2011, he spoke with Sgt. Barnes to request forms to grieve the searches, and to complain that he had received no response to his prior

2

requests.   Ojo states that Barnes said the searches were appropriate and there was nothing he could do for Ojo.

In the motion to amend (doc. no. 19), Ojo seeks to add the following claims to this action:

A.   Balles, Barbera, Turcotte, and Mercer violated Ojo's Fourth and Fourteenth Amendment rights by grabbing Ojo's genitals while searching Ojo at the HCDC.

B.   Cusson and Gordon violated Ojo's Fourth and/or Fourteenth Amendment rights by failing to properly supervise their subordinates, including Mercer, to prevent unconstitutional pat-down searches of Ojo.

C.   Cusson, Gordon, Barnes, and the HCDC violated Ojo's First Amendment rights by failing to provide Ojo with grievance forms, or grant him alternative means to be heard.

D.   HCDC, in its capacity as an agent of Hillsborough County, violated Ojo's Fourth and Fourteenth Amendment rights when, HCDC officers grabbed Ojo's genitals during a search that they conducted pursuant to county policy.

E.   HCDC, in its capacity as an agent of Hillsborough County, violated Ojo's Fourth and/or Fourteenth Amendment rights by failing to properly train or supervise subordinate officers, including Mercer, to prevent unconstitutional pat-down searches of Ojo.

F.   HCDC, in its capacity as an agent of Hillsborough County, violated 18 U.S.C. § 241, by conspiring to cover up the sexual assaults perpetrated upon Ojo by Balles, Barbera, Turcotte, and Mercer.

## Discussion

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave, and that the court "should freely give leave when justice so requires."

The court may deny a motion to amend "'for any adequate reason apparent from the record,'" including futility of the amendment. Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007) (citation omitted).  In evaluating a proposed amendment, the court applies the Rule 12(b)(6) standard.  See Adorno v. Crowley Towing and Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006).  The court must "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, [to] see if they plausibly narrate a claim for relief," while "isolat[ing] and ignor[ing] statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements."  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012).

## I.   Unreasonable Search (Claims A and D)[1]

A pretrial detainee may challenge prison search procedures through a claim asserting that the search violated his rights under the Fourth and Fourteenth Amendments.  See, e.g., Florence

_____

[1]Ojo cites the Fifth and Ninth Amendments as authority for asserting that defendants impinged upon his right to privacy by grabbing his genitals.  Neither of those amendments, however, provides a source of rights for his claims.  The Fifth Amendment governs the conduct of federal actors, and is thus not relevant. See U.S. Const. am. V.  The Ninth Amendment "does not create substantive rights beyond those conferred by governing law," Vega-Rodriguez v. P.R. Tel. Co., 110 F.3d 174, 182 (1st Cir. 1997).  Accordingly, the motion to add claims based on the Fifth and Ninth Amendments should be denied, in part, as futile.

v. Bd. of Chosen Freeholders, 132 S. Ct. 1510, 1516 (2012).  The
claim is evaluated by balancing the need for the search against
the resulting invasion of personal rights, while affording
deference to the judgments of correctional officials within
their areas of expertise.  See id.  The search must be upheld if
it is conducted pursuant to a prison policy that is reasonably
related to legitimate penological interests, and does not
constitute an exaggerated response to such interests.  See id.
at 1516-17; Turner v. Safley, 482 U.S. 78, 84-85 (1987).

    Here, Ojo has alleged facts giving rise to a plausible
claim that the officers grabbed his genitals while conducting a
search pursuant to an HCDC policy, thereby engaging in behavior
not reasonably related to any legitimate interest of HCDC, in
violation of Ojo's Fourth and Fourteenth Amendments rights.  The
court should grant the motion, in part, to add this claim.
Because Ojo has alleged that the search at issue was conducted
in accordance with HCDC policy, and that the officers' execution
of that policy violated his rights, the court should direct
HCDC, as the agency that promulgated the policy, as well as
Balles, Barbera, Mercer, and Turcotte, to respond to this claim.
See Young v. City of Providence ex rel. Napolitano, 404 F.3d 4,
25 (1st Cir. 2005); see also Haley v. City of Boston, 657 F.3d
39, 51-52 (1st Cir. 2011).

II.  Supervision and Training

    A.  Section 1983 Municipal Liability (Claim E)

Ojo has asserted a claim against HCDC, pursuant to 42 U.S.C. § 1983, seeking to hold the county liable for failing to train or supervise HCDC corrections officers to avoid sexual assaults during searches.  To trigger the county's liability under 42 U.S.C. § 1983 on a claim of failure to train, a plaintiff must show that HCDC "decisionmakers either knew or should have known that training was inadequate but nonetheless exhibited deliberate indifference to the unconstitutional effects of those inadequacies."  Haley, 657 F.3d at 52; see also Connick v. Thompson, 131 S. Ct. 1350, 1365 n.12 (2011) ("to prove a violation of § 1983, a plaintiff must prove that the municipality's own wrongful conduct caused his injury, not that the municipality is ultimately responsible for the torts of its employees" (citation and internal quotation marks omitted)).

> [D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.  Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program. . . .

Connick, 131 S. Ct. at 1360 (citations and internal quotation marks omitted).  "Under § 1983, 'a claim for failure to supervise requires the same analysis as a claim for failure to

6

train,'" <u>Atkinson v. City of Mountain View</u>, No. 11-3352, 2013 WL 462381, at *12 (8th Cir. Feb. 8, 2013) (citation omitted), insofar as proof that decisionmakers knew or should have known about a pattern of similar violations by untrained or unsupervised employees may demonstrate the municipality's deliberate indifference, <u>see</u> <u>Connick</u>, 131 S. Ct. at 1360.

Here, Ojo has asserted that he complained to Cusson and other officers about Barbera's, Balles's, and Turcotte's pat-down searches in June and July 2011, before Mercer engaged in similar behavior in August 2011. Ojo's allegations are sufficient to show that Cusson was a decisionmaker with respect to HCDC policies on training or supervision, and as such, his awareness that two officers within his supervision may have engaged in unconstitutional searches gives rise to a plausible claim of municipal liability for failure to train or supervise, with respect to Mercer. Accordingly, the court should grant the motion to amend the complaint, in part, to add a § 1983 failure to train or supervise claim against HCDC, relating to Mercer's violations of Ojo's rights under the Fourth and/or Fourteenth Amendments.

B.    <u>Section 1983 Supervisory Liability (Claim B)</u>

Ojo has asserted that Cusson, Gordon, and Barnes, as supervisory officers, failed to adequately supervise the

officers who conducted the pat-down searches, thus violating

Ojo's rights under the Fourth and/or Fourteenth Amendments.[2]

> [S]upervisory liability under section 1983 cannot
> arise solely on the basis of respondeat superior.
> Such liability requires that the supervisor's conduct
> (whether action or inaction) constitutes "supervisory
> encouragement, condonation or acquiescence[,] or gross
> negligence of the supervisor amounting to deliberate
> indifference."

Grajales v. P.R. Ports Auth., 682 F.3d 40, 47 (1st Cir. 2012)

(citations omitted).

Here, Ojo alleges that he notified Cusson and Gordon in

July 2011 that Balles, Barbera, and/or Turcotte, had grabbed his

genitals during their pat-down searches of him.  Ojo further

alleges that Cusson said Balles's and Turcotte's pat-down

searches were proper, and Gordon did not respond to his

complaints.  Ojo further asserts that he gave request slips to

other officers in June and July 2011, but does not allege that

any of those request slips were tendered to any supervisory

officer.  Mercer is alleged to have assaulted Ojo in August

2011, in essentially the same manner as the other officers had,

---

[2]Ojo specifically cites the Eighth Amendment as authority
for his claims.  Ojo was in pretrial detention during the
relevant time period, however, which means that his claims of
deliberate indifference and supervisory liability arise under
the Fourteenth Amendment.  See Mosher v. Nelson, 589 F.3d 488,
494 n.3 (1st Cir. 2009) ("'Pretrial detainees are protected
under the Fourteenth Amendment Due Process Clause rather than
the Eighth Amendment; however, the standard to be applied is the
same as that used in Eighth Amendment cases.'" (citation
omitted)).

after Ojo complained to Cusson and Gordon about the searches conducted by those other officers.  Ojo further states that he complained to Barnes in October 2011, after all of the allegedly unconstitutional pat-down searches had occurred.

The facts alleged by Ojo are sufficient to state a claim that Cusson and Gordon, through their action or inaction with respect to Ojo's complaints, condoned or tacitly authorized Mercer's similar misconduct less than a month after Ojo complained to those supervising officers.  With respect to misconduct by Balles, Barbera, or Turcotte, however, Ojo's allegations of supervisory liability are deficient.  Ojo has not alleged any facts suggesting that their supervisors had any awareness that those officers had engaged in similar, improper contact with inmates at HCDC prior to June 2011.  Cf. Surprenant v. Rivas, 424 F.3d 5, 18 (1st Cir. 2005) (to show deliberate indifference, plaintiff must allege that prison officials were aware of facts presenting substantial risk of serious harm to inmate, and that officials drew subjective inference that risk existed, while failing to take steps to prevent harm).

As to Sgt. Barnes, Ojo has similarly failed to state a viable claim of supervisory liability.  Ojo has not alleged that Barnes knew that any officer improperly searched or sexually assaulted him or any other inmate prior to October 2011, and no

9

such search or assault is alleged to have happened at any time after Barnes received Ojo's complaints.

Therefore, the motion to amend should be denied as to a claim against Barnes.  The motion to amend should be granted in part, and denied in part with respect to the supervisory liability claims against Gordon and Cusson.  The motion should be denied with respect to the claim that those officers failed to properly supervise Balles, Barbera, and Turcotte in June and July 2011, and the motion should be granted with respect to the claim that they failed to properly supervise Mercer after Ojo had complained about other pat-down searches.  Accordingly, the court should direct service of process upon Cusson and Gordon, if it accepts this report and recommendation.

III. First Amendment Claim (Claim C)

There is no general constitutional right to prison grievance procedures.  See Ojo v. Hillsborough Cnty. Dep't of Corr., No. 11-CV-210-JL (doc. no. 20), 2011 WL 6968320, at *8 (D.N.H. Dec. 21, 2011), report and recommendation approved, No. 11-CV-210-JL (doc. no. 25), 2012 WL 72281 (D.N.H. Jan. 10, 2012); see also Freeman v. Dep't of Corr., 447 F. App'x 385, 387 (3d Cir. 2011).  "Thus, the defendants' alleged obstruction or misapplication of these procedures is not independently actionable."  Freeman, 447 F. App'x at 387.  Accordingly, Ojo's

10

First Amendment claim alleging a denial of access to grievance procedures, the failure to respond to grievances, and the denial of an alternative means to grieve, is not viable, and the motion should be denied to the extent it seeks to add such a claim.

IV.   Criminal Charge (Claim F)

Ojo has asserted that the HCDC engaged in criminal conduct in conspiring to cover up sexual assaults, in violation of 18 U.S.C. § 241.  That statute does not provide an alleged victim with a private right of action.  See Rodi v. Ventetuolo, 941 F.2d 22, 29 n.8 (1st Cir. 1991); cf. Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")).  Ojo cannot institute criminal proceedings through this lawsuit, and the court should deny Ojo's request to do so.

## Conclusion

For the foregoing reasons, the undersigned magistrate judge recommends that the district judge issue the following order on plaintiff's motion to amend (doc. no. 19):

1.   The motion to amend (doc. no. 19) is granted in part and denied in part, as specified in the March 2013 report and recommendation.  The motion is granted: (a) to the extent that it seeks to amend the complaint to add the claims identified in the March 2013 report and recommendation as Claims A, B, D, and E; and (b) to the extent that HCDC Capt. FNU Cusson and HCDC Sgt. FNU Gordon are joined as defendants.  The motion (doc. no. 19) is denied in all other respects.  Claims C and F identified in

the March 2013 report and recommendation are not added to this action, and Sgt. FNU Barnes is not joined as a defendant.

2.    The clerk's office shall complete and issue summonses for the following defendants:  HCDC Capt. FNU Cusson and HCDC Sgt. FNU Gordon, using the HCDC's address for service, 445 Willow St., Manchester, NH  03103.  The clerk's office shall forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office"): the summonses; the complaint (doc. no. 1); the report and recommendation issued September 25, 2012 (doc. no. 5); the October 2, 2012, Order (doc. no. 8); the Motion to Amend (doc. no. 19), including all exhibits thereto; the March 2013 report and recommendation; and this order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall serve process upon each individual defendant. See Fed. R. Civ. P. 4(c)(3) and 4(e).

3.    Defendants HCDC, Balles, Barbera, Mercer, and Turcotte must file an answer or other response to the claims identified as Claims A, B, D, and E in the March 2013 report and recommendation, and to the factual allegations set forth in Ojo's motion to amend and in his affidavit (doc. nos. 19 and 19-1), within twenty-one (21) days of the date of this order.

4.    Defendants Gordon and Cusson are instructed to answer or otherwise plead in response to Claims A, B, D, and E, as identified in the March 2013 report and recommendation, and to the factual allegations set forth in Ojo's motion to amend and in the affidavit attached as an exhibit thereto (doc. nos. 19 and 19-1), within twenty-one (21) days of service.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch.

<u>Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

March 6, 2013

cc:  Osahenrumwen Ojo, pro se
     John A. Curran, Esq.

LBM:nmd