UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Osahenrumwen Ojo,
     Plaintiff

     v.                           Case No. 12-cv-204-SM
                                       Opinion No. 2015 DNH 178
Hillsborough County Department
of Corrections, et al.,
     Defendants


**O R D E R**


From June through August of 2011, pro se plaintiff, Osahenrumwen Ojo, was a detainee at the Hillsborough County House of Corrections. He claims that while there, he was subjected to several pat-down searches during which corrections officers intentionally grabbed his genitals. In this action, he advances both state and federal claims in which he asserts, in essence, that defendants sexually assaulted him.


On August 7, 2015, counsel for defendants notified the court that several pieces of mail directed to Ojo at his last known address had been returned as undeliverable. See Defendants' Notice/Report (document no. 108). And, despite their efforts to locate Ojo, defendants had been unsuccessful. Defendants then learned (and the court has independently confirmed) that, on or about April 28, 2015, Ojo was deported to his native country, Nigeria.

In the intervening five months, Ojo has failed to furnish the court or opposing counsel with his current mailing address, telephone number, or other contact information (nor has he given any other indication that he wishes to continue to pursue this case).  See generally Local Rule 83.6(e) ("An attorney or pro se party who has appeared before the court on a matter is under a continuing duty to notify the clerk's office of any change of address and telephone number.").  Consequently, the court is unable to contact Ojo and afford him an opportunity to show cause why his complaint should not be dismissed for failure to prosecute and/or for failure to comply with this court's local rules.

Considering the totality of circumstances presented - particularly the fact that plaintiff has been deported to Nigeria and has, for several months, failed to notify the court or opposing counsel of his new contact information - as well as the range of options available to the court, see, e.g., Vazquez-Rijos v. Anhang, 654 F.3d 122, 127 (1st Cir. 2011), the court concludes that it is appropriate to dismiss plaintiff's complaint for failure to prosecute and failure to comply with this court's local rules.  See Fed. R. Civ. P. 41(b); Local Rule 83.6(e).  See generally Dullen v. Grafton Cty. Dep't of Corr., 2004 WL 102494, 2004 DNH 021 (D.N.H. Jan. 22, 2004) (dismissing plaintiff's

2

complaint for failure to prosecute and failure to notify court of changed address).

Plaintiff's complaint is dismissed, with prejudice.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 15, 2015

cc:  Osahenrumwen Ojo, pro se
     John A. Curran, Esq.

3